IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALPHONZO LORAND SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:25-CV-71-WKW |
| ) | [WO] |
| OFFICER ZALESKY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

### I.  INTRODUCTION

Plaintiff Alphonzo Lorand Sanders, a pretrial detainee at the Houston County

Jail in Dothan, Alabama, filed this *pro se* complaint under 42 U.S.C. § 1983 against

four Defendants:  Officer Zalesky; Officer Scarborough; Officer Dever; and Officer

Fields.  (Doc. # 1.)  On October 30, 2025, Defendants filed a motion to dismiss

Plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure.  (Doc. # 21.)  Thereafter, Plaintiff filed a reply.

(Doc. # 28.)  For the reasons to follow, Defendants' motion to dismiss (Doc. # 21)

will be granted, and Plaintiff's claim of deliberate indifference to serious medical

needs will be dismissed with prejudice.[1]  Furthermore, the court, on its own

---

[1] Defendants' motion essentially is one for partial dismissal because it solely addresses Plaintiff's claim alleging deliberate indifference to serious medical needs.  It does not challenge Plaintiff's claims alleging excessive force or deliberate indifference for failure to protect; therefore, these claims will proceed to discovery.

initiative, will dismiss some claims without prejudice under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

## II. STANDARDS OF REVIEW

### A.    Rule 12(b)(1)

It is axiomatic that federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). A review of the court's subject matter jurisdiction can be either "facial" or "factual." *See Makro Capital of Am., Inc. v. UBS AG*, 543 F.3d 1254, 1258 (11th Cir. 2008). Here, subject matter jurisdiction will be analyzed facially. A facial analysis of subject matter jurisdiction "requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction," taking the allegations in the complaint as true for purposes of the analysis. *See McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2008) (cleaned up) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). In evaluating whether the complaint "sufficiently allege[s] a basis of subject matter jurisdiction," the court employs standards similar to those governing Rule 12(b)(6) review. *Hampton v. Hamm*, 2022 WL 69214, at *1 (M.D. Ala. Jan. 6, 2022) (quoting *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335 (11th Cir. 2013)).

2

**B.    Rule 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Reprod. Health Servs. v. Strange*, 204 F. Supp. 3d 1300, 1309–10 (M.D. Ala. 2016) (quoting Fed. R. Civ. P. 8(a)(2)).  Evaluating a Rule 12(b)(6) motion to dismiss requires the court to "accept as true the facts alleged in the complaint, drawing all reasonable inferences in [the] plaintiff's favor." *Est. of Cummings v. Davenport*, 906 F.3d 934, 937 (11th Cir. 2018) (citation omitted).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The allegations should present a "plain statement possessing enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (cleaned up).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*,

3

556 U.S. at 678.  Although the facts alleged by the plaintiff must be taken as true, mere conclusory assertions "are not entitled to the assumption of truth."  *See id.* at 679.

*Pro se* pleadings are liberally construed and held "to less stringent standards" than pleadings drafted by attorneys.  *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  However, the allegations still "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 557.  The court cannot "rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."  *GJR Invs. v. Escambia Cnty.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by*, *Iqbal*, 556 U.S. 662.

### III.  THE COMPLAINT'S ALLEGATIONS

Plaintiff alleges that, on January 9, 2025, he was "attacked[,] jumped on[,] and beaten" by another inmate, Christopher Rutledge, while in court for his initial appearance.  (Doc. # 1 at 4.)  He claims that "during the attack Officer Scarborough used excessive force by [w]rapping her leg[]s around [his] rib cage and excessively squeez[ing,] applying pressure until she bruised his rib[]s."  Rutledge's assault left Plaintiff with cuts and bruises on his face and a "big knot" behind his left ear. Plaintiff contends that Rutledge suffered no injuries because Plaintiff had "no time to defend [him]self" before Officer Fields "aggressively push[ed him] into the

corner" while cursing at him as he tried to explain that he was not the aggressor. Officer Fields allegedly responded, "[I] don't give a (f)," then handcuffed Plaintiff "extra tight," pushed him out of the courtroom, and took him "straight to lock-up." (*Id.*)

Plaintiff claims that he "was taken straight to lock down after [he] was attacked and beaten without receiving medical care," and that "[i]t took almost 2 day[]s" for him to receive medical care. (*Id.* at 3.) He further claims that, in lock-up, he had no mattress or covers and that he was "given no spoon and no cup," so he "had to eat with [his] hand for 1 day and a half." When he asked Officer Dever for a spoon, Officer Dever allegedly cursed at him and never brought a spoon. It was not until Plaintiff's last day in lock-up that Officer Zalesky finally brought him a spoon. Before dinner that same day, Officer Simms took Plaintiff "to see the commander and the second in charge," who "told [him] that they could not keep [him] in lock-up because they watched the c.c.t. video and saw that [he] was attacked and was not the aggressor." (*Id.* at 4–5.)

As relief, Plaintiff seeks $3.5 million in monetary damages "for the failure to protect his safety, as well [as] pain and suffering[,] mental, physical[,] and emotional." (*Id.* at 5.) He also asks the court to "make the jail implement confidentuality [sic] policies in the[ir] courtrooms." (*Id.* at 6.)

## IV.  DISCUSSION

Plaintiff brings this suit under 42 U.S.C. § 1983, which provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

§ 1983.  To state a claim under § 1983, a plaintiff must plead two essential elements. First, he must allege a violation of a right protected by federal laws, and second, he must allege that the violation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Beaubrun v. Dodge State Prison*, 2025 WL 2490396, at *3 (11th Cir. Aug. 29, 2025) (per curiam).

Plaintiff brings his claims under the Eighth Amendment to the United States Constitution,[2] which prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII.  Liberally construing his complaint, Plaintiff appears to allege that Defendants exhibited deliberate indifference to his health and safety on two occasions:  First, when they failed to protect him from being assaulted after his initial appearance, and second, when they did not take him for medical treatment

---

[2] The Fourteenth Amendment protects pretrial detainees from deliberate indifference to their health and safety.  *See Jordan v. Doe*, 38 F.3d 1559, 1564–65 (11th Cir. 1994).  However, the legal standards for a deliberate-indifference claim under the Fourteenth Amendment are identical to those under the Eighth Amendment, allowing for their interchangeable application.  *See Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007)

until two days after the assault.  He also loosely alleges excessive force by Officers Scarborough and Fields, which presents a Fourteenth Amendment claim.  (*See* Doc. # 1 at 3–4.)

It is unclear from the complaint whether Plaintiff brings this action against Defendants in their individual or official capacities.  "When a complaint does not identify 'in which capacity the defendants are sued, the course of proceedings typically indicates the nature of the liability sought to be imposed.'" *Adams v. Franklin*, 111 F. Supp. 2d 1255, 1262 (M.D. Ala. 2000) (quoting *Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994)).  Because Plaintiff has not indicated whether he brings this action against Defendants in their official or individual capacities and because he seeks both monetary damages and a form of injunctive relief, his claims will be analyzed as both individual- and official-capacity claims.

### A.  <u>Official-Capacity Claims for Monetary Damages:  Eleventh Amendment Immunity</u>

Insofar as Plaintiff brings claims against Defendants in their official capacities for monetary damages, those claims are barred by the Eleventh Amendment.  These claims will be dismissed without prejudice on the court's own initiative under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  *See Curling v. Sec'y of Ga.*, 761 F. App'x 927, 930 (11th Cir. 2019) (per curiam) (While "the Eleventh Amendment is not jurisdictional in the sense that courts must address it *sua sponte*, [the Eleventh

Circuit] h[as] held that Eleventh Amendment immunity sounds in jurisdiction since it entitles the recipient to bypass the burdens of litigation." (citations omitted)); *see also James v. Dixon*, 2025 WL 4072377, at *3 n.6 (N.D. Fla. Dec. 22, 2025) ("[C]ourts in this Circuit have recognized that the question of Eleventh Amendment immunity <u>may</u> be raised by the Court sua sponte." (citing, *e.g.*, *Amiri v. Bd. of Trs. of Univ. of Ala.*, 440 F. Supp. 3d 1267, 1275 (N.D. Ala. 2020) ("Courts may, but are not required to, raise Eleventh Amendment immunity *sua sponte*.")))).

The Eleventh Amendment bars citizens of a state from bringing suit against that state unless it has expressly waived Eleventh Amendment immunity, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 100 (1984), or Congress has abrogated the immunity, *see Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 59 (1996). "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abrogated it." *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (per curiam) (citing *Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990)). Eleventh Amendment immunity extends to state officials in their official capacities in cases where, for all practical purposes, "the state is the real, substantial party in interest." *Carr*, 916 F.2d at 1524 (quoting *Halderman*, 465 U.S. at 101). "[T]he state is considered the real party in interest" when, for example, an award of damages against the named defendant would be paid by the state. *Cobb*

8

*v. Marshall*, 481 F. Supp. 2d 1248, 1257–58 (M.D. Ala. 2007) (quoting *Carr*, 916 F.2d at 1524).

The Supreme Court of Alabama has held that a county sheriff is an executive officer of the state of Alabama. *See Parker v. Amerson*, 519 So. 2d 442, 442–43 (Ala. 1987) (construing Ala. Const. art. I, § 14). "[B]ecause sheriffs are deemed 'executive officers of the state [of Alabama],' lawsuits against sheriffs in their official capacities are, in essence, lawsuits against the state." *Adams v. Franklin*, 111 F. Supp. 2d 1255, 1262 (M.D. Ala. 2000) (quoting *Carr*, 916 F.2d at 1525). In *Carr v. City of Florence*, the Eleventh Circuit held that a sheriff's Eleventh Amendment immunity extends to his deputy sheriffs "because of their traditional function under Alabama law as the sheriff's alter ego." 916 F.2d at 1527.

Accordingly, as sheriff's deputies, Defendants are entitled to Eleventh Amendment immunity, and Plaintiff's claims against them in their official capacities for monetary damages will be dismissed without prejudice for lack of subject matter jurisdiction.

**B.** **Individual-Capacity Claims for Monetary Damages: Failure to State a Claim for Deliberate Indifference to Serious Medical Needs**

Defendants' motion to dismiss will be granted as to Plaintiff's claims alleging deliberate indifference to his serious medical needs. Because Defendants' motion failed to address Plaintiff's failure-to-protect, deliberate-indifference claim and his excessive-force claim, these claims will proceed to discovery.

Plaintiff's individual-capacity claim for monetary damages alleging deliberate indifference to serious medical needs fails because he has not alleged sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Liberally construing Plaintiff's complaint, he seems to allege that Officers Zalesky, Scarborough, Dever, and Fields exhibited deliberate indifference to his serious medical needs by not taking him for medical treatment until two days after the Rutledge's attack. (*See* Doc. # 1 at 3, 4.) He contends that the two-day delay in providing him medical treatment violates his Eighth Amendment right "to receive medical care while in Houston County Jail custody ASAP." (*Id.* at 3.)

"To establish liability on a deliberate indifference claim, a plaintiff must demonstrate that: (1) the injured party suffered a deprivation that was objectively[,] 'sufficiently serious,' and (2) the defendant acted with 'subjective recklessness as used in the criminal law.'" *Wingo v. WellStar Health Sys., Inc.*, 160 F.4th 1184, 1190 (11th Cir. 2025) (quoting *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (en banc)). "To meet the second step, the plaintiff must show that the 'defendant was actually, subjectively aware that his [or her] own conduct caused a substantial risk of serious harm to the plaintiff.'" *Id.* at 1190–91 (quoting *Wade*, 106 F.4th at 1262). At the pleading stage, this means that Plaintiff must allege facts that plausibly show that he suffered a deprivation that was objectively, sufficiently

serious and that Defendants acted with subjective recklessness as used in the criminal law. *See, e.g.*, *O'Connor v. Reddish*, 2026 WL 74569, at \*3 (11th Cir. Jan. 9, 2026) (per curiam) ("[T]o succeed on his [deliberate-indifference] claim against [the defendant], [the plaintiff] must allege facts that plausibly show that [the defendant] knew that it would seriously jeopardize [the plaintiff's] health to give him a sick-call form instead of referring him for immediate care. But the facts he asserts don't support that conclusion.").

Even if Plaintiff has alleged that he suffered an objectively, sufficiently serious deprivation, he has failed to allege that Defendants actually, subjectively knew that their actions placed Plaintiff at a substantial risk of serious harm. Plaintiff claims that Rutledge's attack left him with cuts and bruises on his face and a "big knot" behind his left ear. (Doc. # 1 at 4.) He says that, after the attack, he was taken straight to lock-up and that it took almost two days for him to receive medical attention. (*Id.* at 3.) Similar to the plaintiff in *O'Connor*, Plaintiff has not alleged that Defendants knew that it would seriously jeopardize his health to place him in lock-up for less than two days with some cuts and bruises on his face and a knot behind his ear. Therefore, Plaintiff has failed to state a claim for deliberate indifference to his serious medical needs, and Defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim will be granted as to this claim. The dismissal will be with prejudice.

**C.      Official-Capacity Claims for Injunctive Relief:  Plaintiff Lacks Standing**

Plaintiff asks the court to "make the jail implement confidentuality [sic]

policies in the[ir] courtrooms" (Doc. # 1 at 6), which constitutes a form of injunctive

relief.

Although Defendants are immune from suit in their official capacities for

monetary damages, Eleventh Amendment immunity does not extend to suits against

them in their official capacities for prospective declaratory or injunctive relief.  *See*

*Scott v. Dunn*, 794 F. Supp. 3d 1119, 1125 (M.D. Ala. 2023); *McClure v. Houston*

*Cnty.*, 306 F. Supp. 2d 1160, 1166 n.3 (M.D. Ala. 2003).   However, "[b]ecause

injunctions regulate future conduct, a party has standing to seek injunctive relief only

if the party alleges, and ultimately proves, a real and immediate—as opposed to

merely conjectural or hypothetical—threat of *future* injury."   *Church v. City of*

*Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994).   While "past wrongs are evidence

bearing on whether there is a real and immediate threat of repeated injury, past

exposure to illegal conduct does not in itself show a present case or controversy

regarding injunctive relief, if unaccompanied by any continuing, present adverse

effects."   *Id.* (cleaned up) (first quoting *O'Shea v. Littleton*, 414 U.S. 488, 496

(1974); and then quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).

To support his request for injunctive relief, Plaintiff offers only allegations

that inmate Rutledge attacked him for no reason during his initial court appearance

in January 2025.  (*See* Doc. # 1 at 4.)  Even viewing these allegations in the light most favorable to Plaintiff, he has not alleged "a real and immediate—as opposed to merely conjectural or hypothetical—threat of *future* injury."  *Id.*  Because Plaintiff lacks standing, his official-capacity claims for injunctive relief will be dismissed without prejudice on the court's own initiative under Rule 12(b)(1) of the Federal Rules of Civil procedure for want of subject matter jurisdiction.

**D.    Individual-Capacity Claims for Injunctive Relief: Plaintiff Lacks Standing**

If Plaintiff is attempting to hold Defendants liable for injunctive relief in their individual capacities, he lacks standing to do so.  *See Gilley v. Gwathney*, 2025 WL 2154305, at *2 (M.D. Ala. July 29, 2025).  Any individual-capacity claims for injunctive relief will be dismissed on the court's own initiative under Rule 12(b)(1) of the Federal Rules of Civil procedure.

To have Article III standing, a plaintiff must show (1) that he suffered a concrete injury in fact; (2) that the defendant likely caused the injury; and (3) that a favorable judicial decision would likely redress the injury.  U.S. Const. art. III, § 2, cl. 1.  Here, it has already been explained that Plaintiff has not sufficiently alleged that Defendants' actions caused a constitutional injury.  Moreover, redressability is at issue.  None of the Defendants has the power, in their individual capacity, to take any action with respect to the Houston County Jail's confidentiality policies.  Because Plaintiff's requested injunctive relief can only be satisfied by the Defendant

13

sheriff's deputies acting in their official capacities, a favorable judicial decision would not redress Plaintiff's alleged constitutional injury. Without redressability, Plaintiff does not have standing, and without standing, the court lacks subject matter jurisdiction. Thus, Plaintiff's individual-capacity claims for injunctive relief will be dismissed without prejudice for lack of subject matter jurisdiction under Rule 12(b)(1).

## V.  CONCLUSION

Based on the foregoing, it is ORDERED that Defendants' motion to dismiss (Doc. # 21) is GRANTED with respect to Plaintiff's individual-capacity claims for monetary damages alleging deliberate indifference to his serious medical needs, and those claims are DISMISSED with prejudice.

It is further ORDERED that:

(1)    Plaintiff's official-capacity claims for monetary damages are DISMISSED without prejudice;

(2)    Plaintiff's official-capacity claims for injunctive relief are DISMISSED without prejudice; and

(3)    Plaintiff's individual-capacity claims for injunctive relief are DISMISSED without prejudice.

This action proceeds as to Plaintiff's individual-capacity claims against Defendants for monetary damages alleging deliberate indifference for failure to protect and excessive force.  An Initial Scheduling Order will be entered separately.

DONE this 2nd day of March, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE